UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carmella Price,<br><br>    Plaintiff,<br>v.<br><br>Paramount Equity Mortgage, Inc; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Carmella Price, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") and repeated violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1, *et seq.*

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Carmella Price ("Plaintiff"), is an adult individual residing in Philadelphia, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "consumer," as defined in 73 P.S. § 2270.3.

4. The Defendant, Paramount Equity Mortgage, Inc("Paramount"), is a California business entity with an address of 8781 Sierra College Boulevard, Roseville, California 95661, and is a "person" as defined by 47 U.S.C. § 153(39), and is a "creditor" as defined in 73 P.S. § 2270.3.

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by Paramount and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Paramount at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, Paramount started calling Plaintiff's cellular telephone, number 267-xxx-4384, in an attempt to solicit its services to Plaintiff.

8. At all times mentioned herein, Paramount contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered the calls from Paramount, she heard a prerecorded message instructing Plaintiff to hold for the next available representative.

10. During a live conversation in or around November/December 2017, Plaintiff informed Paramount two times that she was not interested in the services Paramount was offering and demanded that all calls to her cease immediately.

11. In complete disregard of Plaintiff's cease requests, Paramount continued to place automated calls to Plaintiff's cellular telephone.

12. On or about December 6, 2017, Paramount placed three back to back calls to Plaintiff, causing her to feel harassed and annoyed.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

15. Defendants continued to place automated calls to Plaintiff's cellular telephone after being directed by Plaintiff to cease calling and knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

16. The telephone number called by Defendants was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. Plaintiff was annoyed, harassed and inconvenienced by Defendants' continued calls.

18. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270.1, *ET SEQ.*

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants engaged in any conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt, in violation of Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(b)(4).

24. The Defendants caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass Plaintiff at the called number, in violation of Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(b)(4)(v).

25. The Defendants used unfair or unconscionable means to collect or attempt to collect any debt, in violation of Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(b)(6).

26. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendant's violations of the violation Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 P.S. § 2270.5(a).

29. The Defendant's acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

30. As a result of the Defendant's violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 2270.5(c) against the Defendant;

C. Actual damages pursuant to 73 P.S. § 201-9.2(a);

D. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

E. Treble damages pursuant to 73 P.S. § 201-9.2(a);

F. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

G. Statutory damages pursuant to 73 P.S. § 2270.5(c);

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 6, 2018

Respectfully submitted,

By: *Jody B. Burton*

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff